# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
)
Seven Subject Cellular Telephones ) Case No. 19-1948-M
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Cellular telephones identified in Attachment A

located in the Eastern District of Pennsylvania, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

Title 21, United States Code, Section 841(a)(1), distribution of a controlled substance.

The application is based on these facts: See Affidavit of Probable Cause Attached hereto and incorporated herein

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days:) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kevin M. Voit, U.S. Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 20, 2019

*Judge's signature*

City and state: PHILADELPHIA, PA

HONORABLE MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT

I, Kevin M. Voit, being duly sworn, depose and say:

1. I am a United States Postal Inspector. I am currently assigned to the United States Postal Inspection Service, Philadelphia Division. I have been employed as a Postal Inspector since April, 2016. Prior to becoming a Postal Inspector, I was employed as a federal agent with the Department of Homeland Security for seven and one half years. I have a Bachelor of Science in Business Administration from Rider University in Lawrenceville, NJ. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses. Through my education and experience and that of other agents assisting in this investigation, I have become familiar with the methods that individuals use to traffic narcotics through the U.S. Mail. As part of my duties as a United States Postal Inspector, I investigate the illegal use of the U.S. Mails and private carriers to transport controlled substances and drug trafficking instrumentalities, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B. The following 7 cellular telephones were seized pursuant to the arrest of Jose Santiago and a search of 5527 N Marshal Street, Philadelphia, PA 19120: A Black LG IMEI 354376091803268 (Item 1), Black Android TCL SM128PS1MT5N (Item 2), White Samsung IMEI 356519070583496 (Item 3), Gray Samsung IMEI 8611700311481999 (Item 4), White Samsung IMEI 359858044815452 (Item 5), Black LG IMEI 3540072361701 (Item 6), Black KYOCERA IMEI 014502000561091

1

(Item 7). Each of the seven cellular telephones is described in Attachment A of the warrant and application for search of that particular cellular telephone. Each of the seven cellular telephones is currently located at the United States Postal Inspection Service Office within the Eastern District of Pennsylvania.

3. The applied-for warrants would authorize the review and forensic examination of the seven cellular telephones for the purpose of identifying electronically stored information and data that is set forth in Attachment B.

4. Based on my training and experience, I am aware that traffickers of illegal controlled substances frequently use cellular telephones and other handheld electronic devices as part of their illegal activities. For example, drug traffickers:

   a. Commonly maintain contact lists in cellular telephones that reflect names, addresses, and/or telephone numbers of their associates, including other members of the drug trafficking organization, customers and suppliers of the drug trafficking organization, and/or individuals involved in money laundering activities

   b. Frequently take or cause to be taken photographs and/or videos of themselves, their associates, their property, and their product using cellular telephones.

   c. Frequently utilize cellular telephones to make telephone calls to and receive calls from customers and sources of supply and associates; cellular telephones are also frequently used to send and receive text messages related to the distribution of narcotics, including but not limited to, purchase requests, meeting locations, transaction times, and re-supply efforts and techniques. This information, including the names and phone numbers of customers, associates and sources of supply, is frequently maintained in the cellular telephones.

   d. Utilize electronic equipment such as computers, memory storage, hand held electronic devices, and cellular phones to generate, transfer, count, record and/or store the information described above.

   e. When using the shipping capabilities of the United States Postal Service or other delivery services in furtherance of drug trafficking, use cellular telephones to track and check the status of packages, or may enter a phone number into the USPS website to receive text message alerts about the status of a package.

2

5. On October 22, 2019, the Philadelphia Division of the U.S. Postal Inspection Service intercepted a Priority Mail parcel bearing Priority Mail number 9505 5110 0907 9294 2672 89 (hereinafter referred to as the "Subject Parcel"). The Subject Parcel was mailed from Puerto Rico in a USPS Priority Mail flat rate box on October 21, 2019, and has the following characteristics: Priority Mail No. 9505 5110 0907 9294 2672 89, measuring approximately 12" x 12" x 5.75" and bearing the return name/address "Johanna Cubero, urb. Zeno Gandia 981 Ave. F.J.G., Arecido PR 00612" and the delivery name/address "Luis Hernandez, 5527 N. Marshall St., PhiladelPhia P.A. 19120."

6. According to the United States Postal Service as well as law enforcement database CLEAR, "Johanna Cubero" was not known to associate to the return address. Further, "Luis Hernandez" was not known to associate to the delivery address. From my training and experience, and the experience of other agents, I know that drug dealers who send controlled substances by the mail or other package delivery services, will often use a fictitious return address names and/or a fictitious delivery addressee names when they are shipping parcels containing controlled substances or drug proceeds. They use this subterfuge in order to prevent the mailer of the package from being located.

7. On October 23, 2019, the Subject Parcel was exposed to a drug detection canine named "Chase." Chase is handled by Officer Michael Calchi Badge # 167 with the Millville Police Department. Officer Calchi has been with the Millville Police Department since 2009 and he has been a K9 handler since 2012. The Millville Police Department certifies Officer Calchi and K9 Chase on a bi-annual basis, and Officer Calchi and K9 Chase have ongoing maintenance training every month during the year. In October 2019, Officer Calchi and K9 Chase successfully completed the certification and are certified in the detection of the following

substances: marijuana/hashish, cocaine hydrochloride/cocaine base, heroin hydrochloride, methamphetamine, and MDMA. Officer Calchi advised Postal Inspectors that Chase alerted positive to the presence of illegal narcotics inside the Subject Parcel.

8. On October 23, 2019, the Honorable Timothy R. Rice, United States Magistrate Judge for the Eastern District of Pennsylvania, issued a federal search warrant to search Priority Mail Priority Parcel bearing Priority Mail Number 9505 5110 0907 9294 2672 89 (the Subject Parcel). Upon authorization of the search warrant, Postal Inspectors opened the Subject Parcel and found it to contain a gift wrapped package covered in newspaper. Inside the gift wrapped package were three heavily wrapped brick shaped objects that were composed of a white powdery substance (suspected cocaine) and when combined weighed a total of approximately three kilograms. The suspected cocaine was field tested and tested positive for the presence of cocaine. The estimated street value of three kilograms of cocaine is approximately $300,000. U.S. dollars.

9. On October 23, 2019, the Honorable Timothy R. Rice, U.S. Magistrate Judge for the Eastern District of Pennsylvania, issued an anticipatory federal search warrant for 5527 N Marshall Street, Philadelphia, PA 19120, and issued a tracking warrant, to allow law enforcement to monitor the location and contents of the Subject Parcel. U.S. Postal Inspectors repackaged the parcel with beepers and GPS tracking devices, and included three rectangular shaped items to give the appearance of three kilograms of cocaine (hereinafter referred to as "the kilograms"). The kilograms were composed of a sham substance and a representative sample off of the original cocaine was placed into one of the sham kilograms. Law enforcement also placed theft detection powder on the outside of the kilograms. This theft detection powder is invisible to the naked eye, but can be seen using an ultraviolet light. Law enforcement uses theft detection

powder in order to determine what individual(s) have touched an object.

10. On October 24, 2019, U.S. Postal Inspectors conducted a controlled delivery of the parcel to 5527 N Marshall Street, Philadelphia, PA 19120 (hereinafter referred to as the "Subject Location"). A U.S. Postal Inspector posing undercover as a Letter Carrier (hereinafter referred to as "the UC") delivered the Subject Parcel to the "Subject Location" at approximately 11:04am. An individual later identified as Jose Santiago was standing outside of the front of the Subject Location washing a gray Dodge Magnum PA bearing Pennsylvania license plate KCW1277 (hereinafter referred to as the Dodge). Santiago approached the front door of the Subject Location, opened the door, and instructed the UC to leave the Subject Parcel inside of the Subject Location. Santiago returned to washing the Dodge.

11. Approximately five minutes later, Santiago entered the Subject Location. Moments later, Santiago exited the Subject Location wearing a dark colored backpack, returned to the Dodge, and opened the back door. Once the back door was closed Santiago was no longer wearing the backpack and resumed washing the Dodge.

12. At approximately 11:43 a.m., Santiago took the hose he was using to wash the Dodge and entered the side yard of the Subject Location traveling in the direction of the rear door of the Subject Location.

13. At approximately 12:05 p.m., the beeper transmitter device went into alarm mode indicating the Subject Parcel was opened, exposing the gift wrapped sham bundle of the kilograms. Prior to the beeper going into alarm mode, at approximately 11:10am, an unknown Hispanic male wearing a black hooded jacket and a black backpack exited the Subject Location and traveled in the direction of Olney Avenue, leaving the area.

14. Minutes later, the law enforcement team knocked and announced their presence at

5

the front door of the Subject Location with no response. The law enforcement team made entry and encountered Santiago who immediately surrendered to law enforcement. The cellular telephones listed as Items 1 and 2 in Paragraph 2 of this affidavit were recovered in the front living room area of the Subject Location in the vicinity of where Santiago was encountered by law enforcement.

15. At approximately 12:10 p.m. Santiago's hands were tested and tested positive for the presence of theft detection powder.

16. At approximately 12:15 p.m. Santiago was read his Miranda Rights and requested to have an attorney present.

17. During the search of the Subject Location the outer box of the Subject Parcel was recovered in the kitchen located in the rear of the Subject Location. A law enforcement officer located outside in the rear of the Subject Location explained that prior to law enforcement making entry through the front door, the officer heard the rear door of the Subject Location open, followed by the sound of an object hitting the ground, and observed Santiago enter the rear door of the Subject Location. The sham bundle of the kilograms, with the gift wrapping paper removed, were recovered on the other side of the fence on the property adjacent to the rear of the Subject Location.

18. During the search of the Subject Location, a 9mm SCCY CPX-1 handgun bearing serial # 041679, loaded with eleven rounds of ammunition, was recovered on a shelf in the bedroom closet that investigators believe is the defendant's bedroom. In the same closet where the handgun was recovered, law enforcement found a back pack that contained several distribution sized bags of white powder (suspected cocaine) and other empty distribution sized bags. Additionally, the bag pack contained powders recognized by law enforcement as a cutting

6

agent for the distribution of cocaine. The quantity of cocaine recovered, in addition to the materials seized from the defendant's bedroom, are all consistent with the intent to distribute. In the same bedroom on the night stand where Santiago's wallet was recovered, the cellular telephones listed as Items 4-7 in Paragraph 2 of this affidavit were recovered.

19. In a separate rear bedroom of the Subject Location several empty distribution vials were recovered as well as the cellular telephones listed as Item 3 in Paragraph 2 of this affidavit.

20. On October 31, 2019, the Honorable David R. Strawbridge, U.S. Magistrate Judge for the Eastern District of Pennsylvania, issued a federal search warrant for the Dodge. That same day, Inspectors executed the search warrant. During the search a blue backpack was located in the spare tire area of the vehicle underneath the top cover. In the backpack were two photo identification cards in the name of José Santiago. Also located in the backpack was a large amount of US currency. The majority of the US currency was banded together in $2,000 increments, separated in to stacks, labeled with an amount, and placed into food saver bags. Inspectors counted the recovered US currency and found the total amount to be $175,385. Additionally, a vehicle policy change request in the name Jose Rodriguez was recovered from the glovebox.

21. As stated within this affidavit, your affiant is aware that drug traffickers use cell phones and electronic devices to aid them in their illegal activities, and, in some cases, to record those activities. There is probable cause to believe that the defendant is a drug trafficker and that based on these facts and my training and experience, there is probable cause to believe that the cell phones listed in Paragraph 2 will contain evidence, of drug trafficking.

22. Each cellular telephone listed in Paragraph 2 of this affidavit is currently in

storage at the United States Postal Inspection Services Office within the Eastern District of Pennsylvania. In my training and experience, I know that the cellular telephones have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when they first came into the possession of the United States Postal Inspection Service.

23. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of all of the cellular telephones listed in Paragraph 2. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection and in rare cases may cause damage in order to determine whether it is evidence described by the warrant.

24. Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that within the items listed in Attachment A, there may be found instrumentalities, evidence and fruits of violations of federal law, including but not limited to, drug trafficking and conspiracy to commit drug trafficking in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2 and related offenses, as described more fully in Attachment B.

_____
Kevin M. Voit
U.S. Postal Inspector

Sworn to before me this 20TH day of November, 2019.

_____
HON MARILYN HEFFLEY
United States Magistrate Judge

8

## ATTACHMENT "A"

DESCRIPTION OF THE PREMISES TO BE SEARCHED

Item 1:     A Black LG IMEI 354376091803268

Item 2:     Black Android TCL SM128PS1MT5N

Item 3:     White Samsung IMEI 356519070583496

Item 4:     Gray Samsung IMEI 8611700311481999

Item 5:     White Samsung IMEI 359858044815452

Item 6:     Black LG IMEI 3540072361701

Item 7:     Black KYOCERA IMEI 014502000561091

All items are currently in the custody of the United States United States Postal Inspection Service, Philadelphia Division, within the Eastern District of Pennsylvania.

## **ATTACHMENT "B"**

PROPERTY TO BE SEIZED

1. All records that relate to violations of 21 U.S.C. §§ 841, 843, and 846 including:

    a. lists of customers and related identifying information;

    b. text messages, videos, and photographs;

    c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e. any information recording schedule or travel;

    f. all bank records, checks, credit card bills, account information, and other financial records.

    g. all records evidencing the expenditure and or concealment of the proceeds of drug distribution.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, including phone ownership, brand, make & model, serial number, saved usernames and passwords, cellular network provider/carrier information, user/owner account information, calendars events, contact lists, SMS (short message service) & MMS (Multimedia messaging service), call log details, e-mail accounts, internet web browsing activity, GPS (Global Positioning System) information, IP (Internet Protocol) Connections, user generated notes, digital photographs, video files, audio files, user generated dictionaries, wireless network connections, sync files, and voicemails.